### QUILLIAM, Ex Parte, In Re.
### WOODALL, Ex Parte, In Re.

Ohio Appeals, Eighth District, Cuyahoga County.

Nos. 21321 and 21322. Decided June 13, 1949.

Frank C. Lyons, Cleveland, for relators.

Frank T. Cullitan, County Prosecutor, Cleveland, for respondents.

**OPINION**

By PER CURIAM:

It is the view of this Court that the question here presented is one which seeks to invoke the jurisdiction of this Court to pass upon a question which it is beyond the power of this Court to consider, that is, whether or not a sister State is violating the Constitutional rights of one charged and convicted of crime by its courts.

If the Constitutional rights of a prisoner are being violated in the sister State, such question should be presented by proper proceedings to the courts of that State for remedy. The only remedy that would be available by granting the writs here requested would be to release the prisoners in the State of Ohio, thus in effect commuting their sentences for serious crimes of which they have been found guilty.

Section 2, Article 4 of the Constitution of the United States provides:

"A person charged in any state with treason, felony or other crime, who shall flee from justice and be found in another state, shall, upon demand of the executive authority of the state from which he fled, be delivered up to be removed to the state having jurisdiction of the crime."

The purpose of this provision of the Constitution is to prevent a state from becoming an asylum for persons charged with crime or for convicts from another state.

In Drew v. Thaw, 235 U. S. 432, at page 439, 35 Supreme Court 137, on page 138, 59 L. Ed. 302, a case involving an escapee from an institution, Justice Holmes stated:

"* * * In extradition proceedings, even when, as here, a humane opportunity is afforded to test them upon habeas corpus, the purpose of the writ is not to substitute the judgment of another tribunal upon the facts or the law of the matter to be tried. The Constitution says nothing about habeas corpus in this connection, but peremptorily requires that upon proper demand the person charged shall be delivered up

to be removed to the state having jurisdiction of the crime. Art. 4, Sec. 2, Pettibone v. Nichols, 203 U. S. 192, 51 L. Ed. 148, 153, 27 Sup. Ct. Rep. 111, 7 Ann. Cas. 1047. There is no discretion allowed, no inquiry into motives. Kentucky v. Denison, 24 How. 66, 16 L. Ed. 717; Pettibone v. Nichols, 203 U. S. 192, 203, 51 L. Ed. 148, 153, 27 Sup. Ct. Rep. 111, 7 Ann. Cas. 1047."

The foregoing authority dealt with the case of one charged with crime who had not yet been convicted. In the instant case we are dealing with relators who have been found guilty of serious crimes and who have escaped from the penal institution in which they had been confined. The law of that case must, therefore, have greater force under the facts of this case.

For the foregoing reasons the judgment of the trial court is affirmed. Exc.

SKEEL, PJ, HURD, J, DOYLE, J, concur.